## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD.; DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LIMITED (DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LTD.); HANGZHOU DINGSHENG IMPORT & EXPORT CO., LTD. (HANGZHOU DINGSHENG IMPORT AND EXPORT CO., LTD.); HANGZHOU FIVE STAR ALUMINIUM CO., LTD.; HANGZHOU TEEMFUL ALUMINIUM CO., LTD.; INNER MONGOLIA LIANSHENG NEW ENERGY MATERIAL CO., LTD.; INNER MONGOLIA XINXING NEW ENERGY MATERIAL CO., LTD. (INNER MONGOLIA XINXING NEW MATERIAL CO.); DINGHENG NEW MATERIALS CO., LTD.; and PROSVIC SALES INC., <br><br>　　　　　　Plaintiffs,<br>　v.<br>UNITED STATES,<br>　　　　　　Defendant. | Court No. 24-00228 |

## **AMENDED COMPLAINT**

Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd.; Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd.; Inner Mongolia Liansheng New Energy Material Co., Ltd.; Inner Mongolia Xinxing New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co.); Dingheng New Materials Co., Ltd.; and Prosvic Sales Inc. (collectively, "Dingsheng"), by and through undersigned counsel hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  Dingsheng seeks review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the fifth administrative review ("AR5") of the antidumping duty ("ADD") order on certain aluminum foil from the People's Republic of China ("China") covering the period April 1, 2022, to March 31, 2023, published as *Certain Aluminum Foil from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Rescission of Review, in Part; 2022-2023*, 89 Fed. Reg. 88,972 (Nov. 12, 2024) ("*Final Results*").

2.  The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Nov. 6, 2024) accompanying the *Final Results*, 89 Fed. Reg. 88,972.

## JURISDICTION

3.  This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.  Dingsheng is a foreign producer/exporter of certain aluminum foil that was selected as a mandatory respondent in AR5. Dingsheng was a party to the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*. Therefore, Dingsheng is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5.      Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews, must file a summons within 30 days of the date of publication in the Federal Register of the final determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on November 12, 2024.

6.      This action was timely commenced within 30 days of the date of publication of the *Final Results*, by the filing of the Summons on December 12, 2024. The Complaint was timely filed on January 13, 2025, within 30 days of the filing of the Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.  This Amended Complaint is timely filed in accordance with Rule 15(a)(1)(A).

## BACKGROUND

7.      The Department issued the ADD order on certain aluminum foil from China on April 19, 2018. *Certain Aluminum Foil from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 83 Fed. Reg. 17,362 (Apr. 19, 2018).

8.      On June 12, 2023, the Department initiated AR5 with respect to several companies, including Dingsheng. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 38,021, 38,026 (June 12, 2023).

9.      In AR5, the Department individually examined the sales of Dingsheng, which participated by providing the Department with responses to questionnaires, various factual information, and argument concerning the review. By its preliminary results published on May 2, 2024, the Department preliminarily assigned Dingsheng an ADD rate of 59.52%. *Certain*

*Aluminum Foil from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Duty Administrative Review, and Preliminary Determination of No Shipments: 2022-2023*, 89 Fed. Reg. 35,801, 35,803 (May 2, 2024) ("*Preliminary Results*"). The Department did not preliminarily conduct a collapsing analysis as to the Dingsheng entities.

10. In the *Preliminary Results*, the Department selected Romania as the primary surrogate country for China, from which the surrogate values ("SV") of Dingsheng's factors of production ("FOP") were obtained to calculate a normal value. *Preliminary Results*, 89 Fed. 35,801, accompanying Decision Memorandum (Apr. 26, 2024) at 14-19.

11. Dingsheng throughout AR5 placed SV information on the record for the Department's use in valuing FOPs and calculating surrogate financial ratios. On June 7, 2024, Dingsheng filed an administrative case brief requesting that the Department in its final results, *inter alia*: select Bulgaria as the primary surrogate country instead of Romania; reject Romanian Alro S.A.'s financial statement in calculating surrogate financial ratios; apply an identical surrogate value for Dingsheng's self-produced recycled scrap input and its by-product recycled aluminum; and grant Dingsheng a double remedy adjustment.

12. On November 12, 2024, the Department published its *Final Results*, rejecting certain arguments advanced by Dingsheng in its case and rebuttal briefs. As a result of the changes to the *Preliminary Results*, the Department in its *Final Results* assigned Dingsheng an ADD rate of 60.61%. *Final Results*, 89 Fed. Reg. at 88,974.

13. In its *Final Results*, the Department assigned a separate rate to the following six Dingsheng companies: (1) Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); (2) Hangzhou Dingsheng

Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); (3) Hangzhou Five Star Aluminium Co., Ltd.; (4) Hangzhou Teemful Aluminium Co., Ltd.; (5) Inner Mongolia Liansheng New Energy Material Co.; and (6) Inner Mongolia Xinxing New Energy Material Co., Ltd. However, in its *Final Results*, the Department declined to grant a separate rate to the following four Dingsheng entities that were identified in Dingsheng's Section A Questionnaire Response filed on September 11, 2023 ("AQR"): (1) Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., (2) Dingheng New Materials Co., Ltd., (3) Thai Ding Li New Materials Co., Ltd., and (4) Prosvic Sales, Inc.

14. Dingsheng timely filed ministerial error comments on November 11, 2024, requesting that the Department assign a separate rate to the four additional Dingsheng entities identified in Dingsheng's AQR.

15. On November 18, 2024, the Department issued cash deposit instructions to U.S. Customs and Border Protection ("CBP") that were inconsistent with the *Final Results*. Message No. 4323404 (Nov. 18, 2024). These instructions incorrectly assigned Dingsheng the cash deposit rate of 75.65% that was the ADD rate assigned to the other mandatory respondent, which was incorrectly assigned the cash deposit rate of 60.61% that was the ADD rate assigned to Dingsheng. In other words, the Department mixed up the mandatory respondents' ADD rates in the cash deposit instructions to CBP. The Department had not previously in AR5 issued draft cash deposit instructions to CBP for comments from interested parties.

16. On January 7, 2025, the Department responded to Dingsheng's ministerial error comments by rejecting Dingsheng's allegation.

## STATEMENT OF CLAIMS

## COUNT ONE

17. Paragraphs 1 to 16 are adopted, incorporated, and re-alleged here by reference.

18. The Department's selection of Romania as the primary surrogate country was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWO

19. Paragraphs 1 to 16 and 18 are adopted, incorporated, and re-alleged here by reference.

20. The Department's decision to calculate Dingsheng's surrogate financial ratios using Romanian Alro S.A.'s financial statement was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

21. Paragraphs 1 to 16, 18, and 20 are adopted, incorporated, and re-alleged here by reference.

22. The Department's decision to reject Bulgaria as the primary surrogate country choice was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

23. Paragraphs 1 to 16, 18, 20, and 22 are adopted, incorporated, and re-alleged here by reference.

24. The Department's selection of surrogate values for Dingsheng's self-produced recycled aluminum scrap input and by-product recycled aluminum was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

25. Paragraphs 1 to 16, 18, 20, 22, and 24 are adopted, incorporated, and re-alleged here by reference.

26. The Department's failure to grant Dingsheng a double remedies adjustment was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

27. Paragraphs 1 to 16, 18, 20, 22, 24, and 26 are adopted, incorporated, and re-alleged here by reference.

28. The Department's failure to grant all Dingsheng companies a separate rate was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SEVEN

29. Paragraphs 1 to 16, 18, 20, 22, 24, 26, and 28 are adopted, incorporated and re-alleged here by reference.

30. The Department's cash deposit instructions are unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Dingsheng requests that this Court:

(a) hold that the Department's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak*
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*599 Lexington Ave., 36th Floor

7

New York, NY 10022
(212) 557-4000

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.), Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.), Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd., Inner Mongolia Liansheng New Energy Material Co., Ltd., and Inner Mongolia Xinxing New Energy Material Co., Ltd.*

Dated:  January 31, 2025

## CERTIFICATE OF SERVICE

   Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on January 31, 2025, a copy of the foregoing Amended Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Jarrod M. Goldfeder, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108

William Moran, Esq.
**White & Case LLP**
26th Floor, 1-8-3 Marunouchi
Chiyoda-ku, Tokyo 100-0005 JAPAN

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

Peter J. Koenig
**Squire Patton Boggs (US) LLP**
2550 M Street, NW
Suite 300
Washington, DC 20036

Chunlian Yang
**Alston & Bird LLP**
950 F Street, NW
Washington, DC 20004-1404

George William Thompson
**Thompson & Associates**
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036


*/s/ Ned H. Marshak*
Ned H. Marshak

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

599 Lexington Avenue, Floor 36
New York, New York 10022
(212) 557-4000

*Counsel for Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., et al.*