IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD. et al., | : <br> : <br> : |
| Plaintiffs, | : Court No. 24-cv-00228 |
| v. | : |
| UNITED STATES, | : |
| Defendant, | : |
| ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP and its individual members, | : <br> : <br> : |
| Defendant-Intervenors. | : |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits this opposition to the motion to stay proceedings filed by plaintiffs, Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd. *et al.* (collectively Dingsheng). Dingsheng challenges the Department of Commerce's (Commerce) final results in the 2022-2023 administrative review of the antidumping duty order covering certain aluminum foil from the People's Republic of China. *Certain Aluminum Foil from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Rescission of Review, in Part; 2022-2023*, 89 Fed. Reg. 88,972 (Dep't of Commerce Nov. 12, 2024). Dingsheng requests the Court to stay proceedings in this case, which involves the fifth administrative review (AR5), pending the final resolution of

a separate action arising from the previous administrative review of the same antidumping duty order (the fourth administrative review (AR4)).

The Court should deny Dingsheng's request for a stay. Each of these administrative reviews "is a separate segment of proceedings with its own unique facts." *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319 (Ct. Int'l Trade 2008). Although some of the issues challenged are similar, one issue raised in AR5, separate rate, was not raised in AR4 and is not subject to that litigation. Further, the issues are not pure legal issues and resolution of each issue is necessarily dependent upon the record in the case in which the issue is raised. The two proceedings involve separate records and arguments, and the Court will consider each case separately based on its own record. Dingsheng has not shown that a stay would facilitate an efficient resolution of the case or conserve the parties' and the Court's resources. Accordingly, we respectfully request that the Court deny the motion to stay.

## ARGUMENT

I.    Standard Of Review

"{The} power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Apex Exps. v. United States*, 36 C.I.T. 1144, 1146 (Ct. Int'l. Trade 2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although the decision to grant a stay rests within the Court's sound discretion, the Court "must weigh and maintain an even balance between competing interest{s} when deciding whether a stay is appropriate." *Nexteel Co., Ltd. v. United States*, 2022 Ct. Intl. Trade LEXIS 4 at *4 (Ct. Int'l. Trade January 21, 2022) (*citing Landis*, 299 U.S. at 254-55). When deciding a motion to stay, the Court considers factors such as judicial economy, efficiency, and the parties' resources. *See Landis*, 299 U.S. at 255-57.

As the movant, Dingsheng bears the burden of establishing its need for a stay. *Landis*, 299 U.S. at 255; *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003). The movant need not show that a related proceeding is determinative of the current proceeding, but they must offer more than a generalized statement that the proposed stay would result in no harm or prejudice and must explain the benefit of the proposed stay. *Compare Columbia Forest Prod. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018) (denying plaintiff's motion to stay observing, among other reasons, that outcome of related proceeding is uncertain and stay will likely delay resolution of current action), *and Georgetown Steel Co.*, 259 F. Supp. 2d at 1347 (denying defendant's motion to stay pending outcome of related appeal when it was unclear related appeal would resolve issues raised in petition for review), *with Jinxiang Dong Yun Freezing Storage Co. v. United States*, 32 C.I.T. 1140, 1141 (2008) (granting plaintiff's motion to stay when related litigation could result in "decisive implications" for case sought to be stayed).

Further, "stays pending an appeal or other judicial proceeding are an extraordinary and disfavored measure." *Hyundai Elecs. Co.. v. United States*, 53 F. Supp. 2d 1334, 1336 n.2 (Ct. Int'l Trade 1999) (quotation omitted) (*citing Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998)); *see also Klein v. Adams and Peck*, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances."). Courts disfavor a stay pending appeal or other judicial proceedings primarily because "some harm is inherent in any denial of the right to proceed" because "parties have an interest to quickly resolve the dispute before the court." *Neenah Foundry Co. v. United States*, Slip Op. 00-33, 2000 Ct. Int'l Trade 2000 WL 364171, *203 (Ct. Int'l Trade 2000); *NLMK Penn.*

3

*Pa., LLC v. United States*, 553 F.Supp.3d 1354, 1365 (Ct. Int'l Trade 2021). In particular, courts disfavor extensive stays and require the movant to show a "pressing need" for a protracted stay that would be "immoderate or indefinite." *See Cherokee Nation of Oklahoma*, 124 F.3d at 1416; *accord LG Elecs. Inc. v. United States Int'l Trade Comm'n*, No. 13-00100, 2013 WL 5943229, at *3 (Ct. Int'l Trade Nov. 6, 2013) (denying motion to stay in part due to proposed stay's duration). Further, the movant must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

II.     The Court Should Deny The Motion To Stay

The Court should decline to stay this case pending the outcome of the litigation involving AR4. Although the two matters may share similarities as to some of the issues, "each administrative review is a separate exercise of Commerce's authority that allows for different conclusions based on different facts in the record," *Jiaxing Bro. Fastener Co., Ltd. v. United States*, 822 F.3d 1289, 1299 (Fed. Cir. 2016) (quoting *Qingdao Sea-Line Trading Co., Ltd. v. United States*, 766 F.3d 1378, 1387 (Fed. Cir. 2014), and the Court's review of Commerce's determination is limited to the underlying administrative record developed in each administrative review, 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2635(b)(1).

As the Court is aware, as to AR4, the Court sustained Commerce's determination to use Romania as a surrogate country in place of the non-market economy country and remanded for Commerce to provide further explanation for why it denied Dingsheng's double-remedy offsets. *Jiangsu Dingsheng New Materials Joint Stock Co. v. United States*, No. 23-00264, Slip Op. 25-93 (July 21, 2025). Waiting for AR4 to be resolved, including any appeals, will not promote an efficient resolution of this case involving AR5 nor would it resolve all issues raised in AR5.

4

A trial court is not bound by another trial court's (or its own) decisions, *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989), and it is not an efficient use of resources to stay every trade case simply because certain issues are recurring across multiple different trade cases or across multiple different administrative reviews. AR4 involves different facts and arguments on the underlying record than those raised before the Court in this proceeding. Further, to the extent the issues presented in this case are similar to those presented relative to AR4, as plaintiff contends (Pl. Mot. at 2-3.), the parties can easily raise the same arguments and the Court may, as it determines appropriate, issue a similar opinion concerning those issues. A stay would at best conserve only limited resources while significantly delaying resolution of this case.

Moreover, the prospect that plaintiffs may one day appeal to the Federal Circuit from the Court's decision as to AR4 does not at this time warrant an indefinite stay. *See Bldg. Sys. De Mexico S.A de C.V. v. United States*, 463 F.Supp.3d 1344, 1348 (Ct. Int'l Trade 2020) ("speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay"). Aside from any appeal being hypothetical, the timing of an appeal would depend on various factors, such as the number and duration of remands. Without knowing whether an issue would be appealed, or when an issue may be resolved by the Federal Circuit, if ever, the proposed stay would result in an extensive and unnecessary delay of the proceeding—a course disfavored by courts—and Dingsheng has not met its burden of demonstrating any pressing need for such a stay. Moreover, at least one issue in this case (AR5), the separate rate issue, is not present in AR4 and, thus, cannot be resolved by an appeal in AR4. Am. Compl. ¶¶ 17-28. As the movant, Dingsheng bears the burden of establishing its need for a stay in this particular case, and Dingsheng has failed to to "make out a

clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Its general statement that the proposed stay would not result in any harm or prejudice to other parties falls far short of that standard.

Finally, despite Dingsheng's assertions otherwise, the proposed stay presents a fair possibility of prejudice to the United States. Some harm is posed by any delay of litigation. *LG Elecs., Inc. v. U.S. Int'l Trade Comm'*, Slip Op. 13-136, 2013 Ct. Int'l Trade 2013, 2013 WL 5943229, *1591 (Ct. Int'l Trade 2013) (*citing Neenah Foundry Co.*, Slip Op. 00-33 at *205). For example, during an indefinite stay, the memories of agency personnel and other interested parties will fade. *See id*. New personnel may replace the agency employees with knowledge of the case as the stagnant case remains dormant on the Court's docket. Experienced and competent personnel are critical—and indeed the most important—resources of the agency. To the extent that the Court considers the conservation of the parties' resources, the realities and practical implications of the proposed stay warrant consideration. Dingsheng is incorrect in asserting that a stay would not result in any harm or prejudice.

The parties should complete the briefing in this case so that the matter will be ready for argument or for the Court to decide without argument. A stay will only delay resolution of the case, which does not require resolution as to AR4. If the anticipated final decision as to AR4 were to resolve some of the overlapping issues in this case, and this case were to remain pending before this Court when a final AR4 decision is issued, the Court may apply the decision to the current case and resolve those issues as the Court finds appropriate; and any issues not resolved by the anticipated decision will have been fully briefed and will be ready for argument or decision, without any further delay. A stay will facilitate only parties' hedging their bets that the anticipated final decision will be favorable and, if not, to restructure arguments to explain why

6

the result in this case should be different, most likely because we have a different record, which should be part of any briefing without waiting for the anticipated final decision as to AR4.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Dingsheng's motion to stay.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>SHANNI ALON<br>Senior Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>Washington, D.C. | /s/ Christopher A. Berridge<br>CHRISTOPHER A. BERRIDGE<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 598-7392<br>Email: Christopher.Berridge@usdoj.gov |
| August 15, 2025 | Attorneys for Defendant |

## THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD. et al., | : |
| Plaintiffs, | : Court No. 24-cv-00228 |
| v. | : |
| UNITED STATES, | : |
| Defendant, | : |
| ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP and its individual members, | : |
| Defendant-Intervenors. | : |

## ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Upon consideration of the motion to stay filed by plaintiffs, Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd. *et al.*, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the motion to stay is DENIED.

DATED: _____, 2025
New York, New York

_____
Claire R. Kelly, Judge

8