UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD., ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant <br><br> and <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br> Defendant-Intervenors. | Court No. 24-00228 |

## ORDER

Upon consideration of the Motion to Stay filed by Plaintiffs, Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd.; Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd.; Inner Mongolia Liansheng New Energy Material Co., Ltd.; Inner Mongolia Xinxing New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co.); Dingheng New Materials Co., Ltd.; and Prosvic Sales Inc. (collectively, "Dingsheng"), the responses of Defendant, the United States, and Defendant-Intervenors, the Aluminum Association Trade Enforcement Working

Group and its individual members, JW Aluminum Company, Novelis Corporation, and Reynolds

Consumer Products, LLC, and all other papers and proceedings herein, it is hereby

      **ORDERED** that Plaintiffs' Motion to Stay is denied; and it is further

      **ORDERED** that the parties shall file their briefs in accordance with the Amended

Scheduling Order entered by this Court on July 16, 2025 (ECF No. 29).


                    _____
                           Claire R. Kelly, Judge


Dated: August ___, 2025
       New York, New York

### UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD., ET AL, <br><br>          **Plaintiffs,** <br><br> **v.** <br><br> UNITED STATES, <br><br>          **Defendant** <br><br> **and** <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br>          **Defendant- Intervenors.** | **Court No. 24-00228** |

## <u>DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' MOTION TO STAY</u>

Plaintiffs, Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd.; Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd.; Inner Mongolia Liansheng New Energy Material Co., Ltd.; Inner Mongolia Xinxing New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co.); Dingheng New Materials Co., Ltd.; and Prosvic Sales Inc. (collectively, "Dingsheng"), move this Court to stay the above-captioned action "pending final resolution" of Plaintiffs' appeal of the

immediately preceding administrative review (hereinafter "CIT Court No. 23-00264") of the same antidumping duty order (i.e., the antidumping duty order on aluminum foil from China). Pl.'s Mot. Stay at 1-2 (ECF No. 30).  For the reasons set forth below, because the balance of interests and equities does not favor staying the above-captioned action for an indeterminate period of time, without any assurances from Plaintiffs' counsel that they will voluntarily dismiss this appeal if an outcome unfavorable to the Plaintiffs is reached in CIT Court No. 23-00264, the Court should reject Plaintiffs' motion.

## ARGUMENT

Defendant-Intervenors do not have any major disputes with Plaintiffs' presentation of the legal framework set forth on page 4 of its motion.  Pl.'s Mot. at 4.  This Court has broad discretion to grant a stay and must weigh the competing interests of the parties, the public, and the court.  Id. (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936); Georgetown Steel Co., LLC v. United States, 259 F.Supp. 2d 1344 (Ct. Int'l Trade 2003)).

## I.    A STAY OF THIS PROCEEDING WILL NOT PROMOTE JUDICIAL ECONOMY OR CONSERVE THE PARTIES' RESOURCES

Dingsheng states that it moves to stay this appeal "to advance" this and CIT Court No. 23-00264, "which each present practically identical issues, in an efficient manner that conserves the resources of the parties and this Court and promotes judicial economy."  Pl.'s Mot. at 2. Staying this action will not assist in advancing either appeal, nor will it promote efficiency or judicial economy.

### A.    Dingsheng's Requested Stay Is Broad and of an Indeterminate (and Potentially Lengthy) Duration

As an initial matter, the Court must consider the breadth and potential duration of Plaintiffs' requested stay.  See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)

("incidental to the power inherent in every court to control the disposition of the causes on its docket with *economy of time* and effort for itself, for counsel, and for litigants") (emphasis added); see also Groves v. McDonough, 34 F. 4th 1074, 1080 (Fed. Cir. 2022) ("and '{a} stay so extensive that it is immoderate or indefinite may be an abuse of discretion'") (internal quotations omitted); Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir.) ("Overarching this balancing is the court's paramount obligation *to exercise jurisdiction timely* in cases properly before it.") (emphasis added).  Plaintiffs' proposed stay is broad and of a potentially excessively lengthy duration.

As Plaintiffs note, they pursued four claims in this action – two involving challenges to Commerce's surrogate country selection, one involving Commerce's selection of surrogate financial statements to calculate financial ratios, and one involving Commerce's rejection of a double remedies adjustment.  Pls.' Mot at 3.  Plaintiffs move for a stay of all pending claims, making their request for a stay as broad as possible under the circumstances.

In terms of the length of Plaintiffs' proposed stay, there is no defined duration.  Rather Plaintiffs seek a stay of this action "until 30 days after the final resolution of Plaintiffs' challenge to AR4 of the *Order* in *Dingsheng AR 4*, Court No. 23-264."  Id. at 8.  Plaintiffs further clarify that any stay should remain in place until their challenges of the preceding administrative review are "completely resolved, including any CAFC appeal(s)."  Id.

Given that this Court has already issued a decision regarding all of the issues in CIT Court No. 23-00264, including determinations sustaining Commerce's surrogate country selection and remanding Commerce's rejection of a double remedies adjustment for further consideration, Plaintiffs' request for a stay involves a duration of potentially several years.  Even if Commerce grants Dingsheng a double remedies adjustment on remand, and this Court sustains

that determination, Plaintiffs appear to be signaling their disagreement with this Court's decision to sustain Commerce's surrogate country selection by claiming a stay would advance that issue. This Court has already resolved that issue so there is no need for further "advancement" unless Plaintiffs intend to pursue an appeal before the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") and as noted above, Plaintiffs request a stay for all claims, not just the double remedies adjustment issue. If Plaintiffs pursue an appeal of Court No. 23-00264, any stay of this action will be at least multiple years in duration.

The duration and breadth of Plaintiffs' requested stay weighs against granting Plaintiffs' motion. As the Federal Circuit has recently explained:

> a "court's discretion {to stay proceedings} is not . . . without bounds," Cherokee Nation, 124 F.3d at 1416 (citing Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991)), and "{a} stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion," id. (citing Landis, 299 U.S. at 257); see also Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983) (acknowledging that a "protracted or indefinite" stay may be "an abuse of discretion"). "In deciding to stay proceedings indefinitely," we have held, there must be a "pressing need" for the stay, and the tribunal must "balance {the} interests favoring a stay" against opposing interests. Cherokee Nation, 124 F.3d at 1416. "Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." Id.

Groves, 34 F. 4th at 1080.

As discussed in the next section, because Plaintiffs' proposed stay will not promote judicial economy, there is no basis for granting Plaintiffs' proposed "protracted or indefinite" stay.

**B.     Staying the Types of Issues Involved in the China Foil Litigation Does Not Promote Judicial Economy**

Dingsheng states that it moves to stay this action "to advance" this matter and CIT Court No. 23-00264, "which each present practically identical issues, in an efficient manner that

conserves the resources of the parties and this Court and promotes judicial economy." Pl.'s Mot. at 2. Staying this action would not advance either action, nor would it promote efficiency or judicial economy.

While Plaintiffs challenge Commerce's selection of Romania as the primary surrogate country in both actions, in oral argument in CIT Court No. 23-00264, Plaintiffs' counsel admitted its basic dispute was with Commerce's failure to select Malaysia over Romania as the primary surrogate country. In contrast, the issue in this action is Commerce's selection of Romania over Bulgaria as the primary surrogate country. The records of the two cases and factual issues that must be resolved are not identical. Surrogate country selection is a record- and fact-based analysis, and any decision in CIT Court No. 23-00264 will not control a decision in this action, even if a decision is reached on appeal to Federal Circuit.[1]

Plaintiffs do not provide this Court or the parties with any assurances that if, for example, the Federal Circuit were to sustain this Court's decision in CIT Court No. 23-00264 that Commerce's surrogate country selection is lawful, Plaintiffs would voluntarily dismiss their claims regarding surrogate country selection in this action. Given the factual nature of Commerce's surrogate country selection, it is unclear how a stay promotes judicial economy or conserves the parties' resources, or in any way "advances" Plaintiffs' claims unless Plaintiffs agree to drop their appeal in this action if the Federal Circuit sustains this Court's decision in CIT Court No. 23-00264. The factual record and arguments that this Court will review in

---

[1]    Regarding the double remedies issue, while this Court interpreted 19 U.S.C. § 1677f-1(f)(1)(B) in Slip Op. 25-93 – based on a legal, as opposed to factual, analysis – this Court also analyzed the facts, finding Commerce's analysis was not supported by substantial evidence. As discussed in the last section, if the Court grants a stay in this action, it should be limited to the double remedies issue and the stay should remain in place only until Commerce issues a remand determination in CIT Court No. 23-00264.

evaluating Commerce's surrogate country selection are distinct in each action, and this Court would not be bound by any decision of the Federal Circuit in CIT Court No. 23-00264 regarding Commerce's surrogate country selection in the underlying administrative proceedings at issue in this action.

### C.    An Giang and Garg Are Inapposite

Plaintiffs also cites two cases they claim support their motion for a stay – An Giang Agric. & Food Imp. Export Co. v. United States, 350 F. Supp. 2d 1162, 1163-64 (Ct. Int'l Trade 2004) ("An Giang") and Garg Tube Export LLP v. United States, Consol. Court No. 21-00169-CRK, Memorandum and Order (Aug. 5, 2021), ECF 30 ("Garg M&O"). An Giang and Garg are not analogous to Plaintiffs' motion for a stay in this action.

Those cases involved discrete legal and methodological issues, which are very different from the surrogate country issue primarily raised by Dingsheng's appeals. An Giang involved an issue of Commerce's "statutory authority" to "deviate . . . from its standard practice of valuing the actual, original factors of production that a foreign producer uses to produce its self-produced intermediate inputs, by instead directly valuing those intermediate inputs themselves." An Giang, 350 F. Supp. 2d at 1163. Similarly, Garg involved two actions with overlapping legal challenges to Commerce's particular market situation methodology and practice. Garg M&O, at 5 ("Defendant does not deny Plaintiffs' claim that their challenge here involves legal issues and an agency rationale that are virtually identical to those being reviewed by this Court in Ct. No. 20-00026"). In contrast, Plaintiffs' challenges in CIT Court No. 23-00264 and this action largely contest Commerce's selection of surrogate countries, determinations that are wholly factual in nature and involve different facts and records. No decision of this Court or the Federal Circuit on surrogate country selection in CIT Court No. 23-00264 would bind this Court in its analysis

of Commerce's surrogate country selection challenged in this action. Thus, the legal issues involved in An Giang and Garg are distinct from the factual issues Plaintiffs wish to stay here.

In addition, the An Giang court found it pertinent that the plaintiff in that case conceded that a final decision in a parallel litigation involving the same methodological issue would have a "'significant impact on the instant proceeding, *possibly obviating the need for further action in this proceeding.*'" An Giang, 350 F. Supp. 2d at 1672. As discussed above, Plaintiffs have not provided any similar assurance, instead seeking a broad stay of all issues for an indeterminate and likely lengthy duration. Without some similar assurance from Plaintiffs that they would voluntarily dismiss their claims in this action regarding surrogate country selection, there is nothing gained from a stay regarding the surrogate country selection issues.

In contrast to An Giang and Garg, this case is analogous to Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States, 592 F. Supp. 3d 1332 (Ct. Int'l Trade 2022) ("Kaptan"), in which the Court of International Trade rejected a plaintiff's motion for a stay. As the Kaptan court recognized, issues of fact are distinct from legal issues that may be resolved by the Federal Circuit. Id., 592 F. Supp. 3d at 1337. Plaintiffs' challenges to Commerce's surrogate country selection are based on different facts and will involve different arguments and this Court would not be bound by a Federal Circuit decision involving CIT Court No. 23-00264. Like the issues raised in Kaptan, "the Federal Circuit is not currently reviewing a common legal issue that may determine the outcome of the two cases in issue here." Id. Thus, there is no judicial economy gained, nor are the parties resources saved, by staying this action pending a resolution of CIT Court No. 23-00264 by the Federal Circuit. All that would be achieved by granting Plaintiffs' motion to stay would be a delay in resolving CIT Court No. 24-00228. Further, to the extent there are overlapping issues and arguments, "the parties can easily raise the same

arguments without significant effort, and the court can examine the arguments again without significantly expending resources, as both actions are ultimately pending before the court."  Id.

Plaintiffs also contend there is no harm or prejudice to Defendant or Defendant-Intervenors resulting from a stay of this action.  Contrary to this claim, and as the Court found in Kaptan,

> some harm is inherent in any denial of the right to proceed because parties have an interest to quickly resolve the dispute before the court.  Neenah Foundry Co. v. United States, 24 C.I.T. 202, 205 (2000); see also NLMK Pennsylvania, 553 F. Supp. 3d at 1365. Public policy also favors expeditious resolution of disputes.  Kahn v. General Motors Corp., 889 F.2d 1078, 1080 (Fed. Cir. 1989) ("Recognition must be given to the strong public policy favoring expeditious resolution of litigation.").  Here, Kaptan has identified no "pressing need" for a stay.

Id., 592 F. Supp. 3d at 1338 (internal quotations omitted).  Further, "{o}verarching" this Court's "balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."  Cherokee Nation, 124 F.3d at 1416.  Thus, without any demonstration that a stay would promote judicial economy or conserve the parties' resources, a stay of indeterminate duration is inappropriate.  Kaptan, 592 F. Supp. 3d at 1339 ("in light of the court's overarching duty to timely resolve disputes, the interests of the litigants in resolving disputes quickly, as well as the general interest of the public in expeditiously resolving matters of great economic importance, the court finds that the extensive stay of proceedings requested by Kaptan does not meet the 'pressing need' required for such stays.").

## II.    IF A STAY IS GRANTED, IT SHOULD BE OF LIMITED SCOPE AND DURATION

If the Court determines a stay is warranted, it should be of limited scope and duration. The only legal issue involved in this action and CIT Court No. 23-00264 is Commerce's interpretation of 19 U.S.C. § 1677f-1(f)(1)(B).  As this Court has already ruled on that issue, and

Commerce is applying the facts based on this Court's interpretation of the statute, any stay should be limited to this legal issue.  Further, any stay of the double remedies issue should only remain in place until the Commerce Department returns a remand determination in CIT Court No. 23-00264, at which point the parties should inform the Court whether they believe an extension of the stay is appropriate.

## III.    <u>CONCLUSION</u>

The Court should deny Plaintiffs' motion to stay, as Plaintiffs have requested a broad stay of all issues involved in CIT Court No. 23-00264 and this action of indeterminate duration. Plaintiffs have failed to demonstrate any gain in judicial economy, conservation of the parties resources, or advancement of the issues.  For these reasons, Defendant-Intervenors urge the Court to deny Plaintiffs' motion and order briefing to proceed as currently scheduled.

Respectfully submitted,

<u>/s/ John M. Herrmann</u>
JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW G. PEREIRA

Counsel to Defendant-Intervenors

Dated:  August 15, 2025